Andrea L. Richard
State Bar No. 5-2848
THE RICHARD LAW FIRM, P.C.
P.O. Box 1245
290 E. Broadway, Suite 904
Jackson, Wyoming 83001
Tel. 307.732.6680
Fax 307.200.4280
andrea@arichardlaw.comdraft
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **JANE DOE,** an individual, by and through, her stepmother, and next of friend **MARY DOE,** an individual, and by and through her father and next of friend, **JAMES DOE**, an individual | |
| Plaintiffs, | **CIVIL ACTION NO.**  21-CV-106- |
| v. | **COMPLAINT AND** |
| **BOARDS OF TRUSTEES OF SUBLETTE COUNTY SCHOOL DISTRICT NO. 9; SUPERINTENDENT STEVE LLOYD** of Sublette County School District No. 9, in his individual capacity**; MR. JEFF MAKELKY,** Principal, of Big Piney High School**,** In his individual capacity; Ms. **AMY BELL**, Title IX Coordinator, in her individual capacity; And **John Smiths**, 1-5, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COMES NOW**, Plaintiffs, Jane Doe, Mary Doe and James Doe, by and through their undersigned counsel, and for their *Complaint* against Defendants respectfully state and allege as follows:

## NATURE OF THE ACTION - OVERVIEW

1.     Plaintiffs, by and through their undersigned counsel, brings this action against Defendants for violations of their rights under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, et seq., and violations of their rights to equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution and federal rights under Title IX, pursuant to 42 U.S.C. § 1983.

2.     This is a federal civil rights case brought by Plaintiff, Jane Doe, a former student in the Sublette County School District No. 9 ("SCSD" as used herein refers to Sublette County School District No. 9 and the above named Defendants) in Big Piney, Wyoming, and her parents. Plaintiff was sexually harassed and assaulted by an employee of SCSD and when her parents reported and asked for help, all three Plaintiffs were subjected to severe harassment and retaliation after reporting the sexual harassment and assaults by an employee of SCSD.

3.     SCSD officials with authority to stop the harassment and assaults, disregarded Plaintiffs reports and requests for help and acted with deliberate indifference to the assaults and sexual harassment.

4.     Specifically, SCSD failed to conduct a reasonable investigation into the reported assaults and harassment and failed to attempt to remedy the hostile educational environment. SCSD's actions and inactions resulted in a denial of Plaintiff Jane Doe's rights to equal access to education at SCSD in violation of SCSD's Title IX obligations.

5.     In addition, SCSD, by and through its employees and representatives,

implemented and executed policies and customs in regard to, and in response to, Plaintiffs' reports that Plaintiff Jane Doe is being sexually harassed and assaulted by SCSD's employee, that violated Plaintiffs' Fourteenth Amendment Constitutional rights.

6.      SCSD, and its superintendent, and Mr. Jeff Makelky, were policy makers and administrators having duties to train, and failed to train, and failed to properly or sufficiently train its administrators, staff, students, and parents about: sex discrimination and sexual harassment of student; Title IX and/or employee/teacher sexual misconduct; identifying, investigating, reporting, and remedying the effects of sexual harassment by a SCSD employee and teacher on students like Plaintiff Ms. Jane Doe, and their families; or properly responding to and remediating continued harassment and sexual assault by SCSD employees and teachers like the employee and teacher that continued to harass and assault Plaintiff even after his illegal and improper behavior had been reported.

7.      Plaintiffs seek recovery to redress the hostile educational environment and civil rights violations they suffered by Defendants actions and inactions, pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), and 42 U.S.C. § 1983.

8.      Plaintiff Jane Doe is a citizen of the United States.  She currently resides in Idaho Falls, Idaho.  "Jane Doe" has been substituted for Plaintiff's legal name in order to protect her privacy as individual who has been sexually assaulted and subjected to sexual abuse and harassment.

9.      SCSD is a body corporate legally organized in the state of Wyoming.

10.     SCSD's main office was located in Big Piney, Wyoming.

11.     The Board of Trustees of Sublette County School District No. 9 is the governing body for the affairs of SCSD, with the power to sue and be sued on behalf of SCSD.

12.     SCSD operates as a public-school district serving students in Sublette County, Wyoming.  Big Piney High School is part of SCSD and during all material times, SCSD received federal funding for its academic programs and activities.

13.      Defendant Superintendent of SCSD, is sued in his individual capacity, and was at all relevant times the Superintendent of SCSD.  At all relevant times, the Superintendent was an agent and/or employee of SCSD, acting within the scope of his employment.

14.     Defendant Jeff Makelky ("Makelky"), is sued in his individual capacity, was at all relevant times the Principal of Big Piney High School.  At all relevant times, Makelky was an agent and/or employee of SCSD, acting within the scope and course of his employment.

15.     Defendant Amy Bell ("Bell"), is sued in her individual capacity, was at relevant times the Title IX Coordinator for SCSD, acting within the scope and course of her employment.

16.     Defendants SCSD, SCSD Superintendent, Makelky and Bell were administrators and final policymakers, responsible for articulating, training, and ensuring compliance with federal law, state law, and official and unofficial policies for the protection of SCSD9's students and families at Big Piney High School.

17.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  As the events described herein occurred primarily in Sublette County, Wyoming, venue is proper in this Court.

18.     SCSD is responsible for all facets of school operations and programs in the district, including the staffing and training of key positions (such as administrators and Title IX Coordinators) and the provision of security and protection of its students.  To that end, it maintains policies and customs regarding discrimination, harassment, the reporting and prompt

investigation of discrimination of sexual harassment reports, improper sexual conduct by its employees and teachers, and disciplinary action.

19.     SCSD is responsible for ensuring that its employees are properly trained and supervised to perform their jobs.  This includes SCSD's Superintendent's performance of the job of SCSD Superintendent, JEFF MAKELKY'S performance of the job of Principal of Big Piney High School, and AMY BELL's performance of the job of Title IX Coordinator, whose responsibilities include the receiving of verbal and written reports of sexual assault and harassment and the investigation of these reports, as well as the institution of corrective measures on behalf of SCSD, such as disciplining employees, staff and teachers.

20.     SCSD is responsible for the acts and omissions of its employees (to include SCSD Superintendent, MAKELKY, and BELL) and agents.

21.     SCSD, acting through SCSD Superintendent, Principal MAKELKY, Coordinator Bell, is responsible for enforcing its policies and procedures regarding employee and teacher discipline, to include policies and procedures prohibiting and remedying sexual assault and harassment.

## **FACTS**

\#

22.     **September 2014**.  The World History teacher at Big Piney High School (hereinafter "W. H. Teacher"), was also the son of Principal Jeff Makelky.  The W. H. teacher taught US/World History and Government to Sophomores, Juniors, and Seniors.

23.     The W. H. Teacher taught a full school year (September through June) world history class to sophomores.

24.     Plaintiff Jane Doe was a sophomore student this class.

25.    The W. H. Teacher taught a lesson designed specifically to motivate students which resulted in an increase in contact with Plaintiff Jane Doe.

26.    **Winter/Spring 2015.**  The W. H. Teacher assigned students in the sophomore history class to create Twitter Accounts as one of the lessons.  The W. H. Teacher communicated with Plaintiff Jane Doe through this account.

27.    **Summer 2015**.  The W.H. Teacher was the Big Piney High School ("BPHS") Weight Room Coach and supervised weightlifting in the weight room during the summer school break.

28.    The W.H. Teacher invited Plaintiff Jane Doe to attend the weight room for workout sessions.

29.    Plaintiff Jane Doe began to workout at the weight room Mondays, Wednesdays, Fridays during open lifting.  Plaintiff Jane Doe was at times accompanied by her father, Plaintiff James Doe.

30.    The W.H. Teacher was married and had a young son.  The W.H. Teacher and/or his spouse began asking Plaintiff Jane Doe to babysit.

31.    Plaintiff Jane Doe occasionally babysat for the W.H. Teacher's family.

32.    As Plaintiff Jane Doe did not drive yet, there were occasions when the W.H. Teacher would drive her to and from babysitting.  During these times, the W.H. Teacher began asking Plaintiff Jane Doe about her personal life.

33.    **September 2015**.  The W.H. Teacher continued to have frequent contact with Plaintiff Jane Doe during and outside of school hours.

34.    The W.H. Teacher began asking Plaintiff Jane Doe to babysit frequently and Plaintiff Jane Doe became a regular babysitter for the W.H. Teacher.

35.   **Spring 2016**.  The W.H. Teacher began to refer to Plaintiff Jane Doe as his "adopted daughter" and would tell Plaintiff Jane Doe that he loved her.

36.   **April 2016**.  The W.H. Teacher left a letter in Plaintiff Jane Doe's locker encouraging her after an ACT test. Plaintiff Jane Doe had not given the W.H. Teacher her locker combination.

37.   The W.H. Teacher gives Plaintiff Jane Doe information and resources encouraging her to question and confronting her faith and religious beliefs.

38.   As a result of The W.H. Teacher's efforts and influence, Plaintiff Jane Doe, began to question her faith and attending church.

39.   The W.H. Teacher gave Plaintiff Jane Doe advice about handling confrontations she was having with her family/parents about not wanting to go to church.

40.   **Summer 2016**.  The W.H. Teacher contacts Plaintiff Jane Doe more frequently using both the Puncher Football Snapchat account and messaging via a Twitter account to stay in close touch with Plaintiff Jane Doe, as she was living elsewhere for the summer.

41.   **Fall 2016**.  The W.H. Teacher begins to hug Plaintiff Jane Doe at the end of each school day and tell her that he loves her.

42.   The W.H. Teacher increases his physical touching of Plaintiff Jane Doe.  During a movie night, The W.H. Teacher begins to rub Plaintiff Jane Doe's feet.

43.   **Winter/Spring 2017**.  The W.H. Teacher continues to have individual contact with Plaintiff Jane Doe in school, at school functions, at his home, wherein he would share personal information with her and encourage her to reciprocate, as well as encourage her not to have a boyfriend.

44.     During a school function in a neighboring county, the W.H. Teacher instructed Plaintiff Jane Doe to do squats as a punishment for cursing.  The W.H. Teacher insisted that Plaintiff Jane Doe turn her back side towards him as she performed the squats.

45.     Plaintiff Jane Doe invited Plaintiff Jane Doe to leave her church and provided her with a website for an attorney who could initiate the process of leaving her church.

46.     The W.H. Teacher continued to advise Plaintiff Jane Doe about personal matters and to console her following an upsetting conversation with her father about co-signing a loan. The W.H. Teacher told Plaintiff Jane Doe "you look like you need a big bear hug," hugged Plaintiff Jane Doe, picked her up, and then kissed her on the forehead.

47.     The W.H. Teacher initiated more physical contact with Plaintiff Jane Doe including a back massage, and pressing against her and pushing his erection into her.

48.     The W. H. Teacher increased his sexual acts towards and contact with Plaintiff Jane Doe, and continued pressing her to leave her faith.

49.     In or near April of 2017, Mr. Brent Hibbard notified Plaintiffs Mary Doe and James Doe that he believed the W.H. Teacher was having an inappropriate relationship with Plaintiff Jane Doe based on behavior he had witnessed.

50.     Big Piney High School Principal, Jeff Makelky, (Jeff Makelky was the W.H. Teacher's father) was contacted by Plaintiff James Doe who confronted reported and asked for help with his concerns that the W.H. Teacher was having an inappropriate relationship with his daughter, Plaintiff Jane Doe.

51.     Principal MAKELKY (who was also the father of the W.H. Teacher) denied the existence of an inappropriate relationship between the W.H. Teacher and Plaintiff Jane Doe.

52.     Principal Jeff MAKELKY subsequently removed Plaintiff Jane Doe from Brent Hibbert's Advisory Class without permission from or consultation with Plaintiffs.

53.     Plaintiffs James Doe and Mary Doe then called the Sublette County School District Superintendent Steve Lloyd to discuss the relationship between the W.H. Teacher and Plaintiff Jane Doe and Principal MAKELKY's refusal and failure to act.

54.     Superintendent Steve Lloyd expressed his concern and indicated that he would investigate the situation.

55.     Two days later, SUPERINTENDENT LLOYD contacted Plaintiffs James Doe and Mary Doe and told them he had observed the W.H. Teacher and Plaintiff Jane Doe during weight room workouts and that he had seen no evidence to support their claims and their concerns were unfounded.

56.     As a result, SCSD took no action and failed to stop the sexual harassment, assault, and abuse of Plaintiff Jane Doe, a SCSD student, which continued.

57.      As a result of SCSD and Defendants failure to take proper actions, failure to investigate and failure to impose discipline or take any appropriate action, the sexual harassment assault and abuse of Plaintiff Jane Doe continues and escalates which included the W.H. Teacher engaging in numerous sexual assaults and acts on Plaintiff Jane Doe, including, but not limited to, fondling her breasts and vulva under her clothing, fingering her vagina, and having her perform oral sex despite Plaintiffs' efforts to stop him.

58.     SCSD and Defendants failed to take appropriate and required action to stop these illegal and improper acts.

59.     Neither Superintendent Lloyd nor Principal MAKELKY informed Plaintiffs that Plaintiffs had rights under Title IX.

60.     Likewise, Coordinator BELL did not inform Plaintiffs that Plaintiffs had rights under Title IX.

61.     Plaintiff's parents were not informed by SCSD or any of Defendants that SCSD and its agents and representatives had an obligation to perform an independent investigation into the sexual assaults and sexual harassment and take reasonable steps to ensure that Plaintiff Jane Doe had equal access to education at SCSD and BPHS.

62.     Although Defendants had mandatory reporting duties pursuant to Wyo. Stat. § 14-3-201, et. seq., upon information and belief, they did not report the illegal conduct to law enforcement.

63.     Upon information and belief, no investigation was performed to determine if any accommodations were warranted or reasonably necessary to provide Plaintiff with a safe educational environment at BPHS and SCSD after the sexual harassment and assaults had been reported and then being subjected to harassment and retaliation.

64.     SCSD actions, if any, were unreasonable and ineffective to eliminate the hostile environment.

65.     SCSD escalated the hostile educational environment Plaintiff suffered when it failed to comply with its own policies in handling the reports of sexual harassment and sexual assault.

66.     SCSD escalated the hostile educational environment when it failed to appoint an independent investigator to promptly investigate Plaintiffs' reports.

67.     SCSD escalated the hostile educational environment when it failed to perform a thorough and appropriate investigation into the reports of Plaintiff having been assaulted and harassed by a SCSD teacher and employee.

68.    To the extent any SCSD staff actions could be deemed to be a Title IX investigation into the reports of the Plaintiff being sexually harassed and assaulted, SCSD escalated the hostile educational environment when the investigation was superficial and cursory and its conclusions unfounded.

69.    SCSD escalated the hostile educational environment Plaintiff suffered when it failed to document any investigation that took place and failed to keep Plaintiffs apprised of its investigation or outcomes.

70.    SCSD was unreasonably ineffective and failed to act to remedy the situation and stop the sexual harassment and assault by one of its teachers and employees, in turn making Plaintiffs' parents subject to grave distress and pain and making Plaintiff Jane Doe vulnerable to additional harassment, assault and abuse.

71.    Due to Defendants' deliberate indifference to the reports of sexual harassment and assault of Plaintiff, BPHS was not safe for Plaintiff.

72.    SCSD's Title IX program, if it existed beyond a written policy, did not assist Plaintiffs.

73.    As a direct result of Defendants' actions, conduct, and failure to act as described herein, Plaintiffs have suffered and will continue to suffer great pain of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, and psychological injuries.  Plaintiff Jane Doe was prevented and will continue to be prevented from performing her normal daily activities and obtaining full enjoyment of life; and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

74.     Upon information and belief, despite clear notice by the Office of Civil Rights and courts regarding Defendant SCSD's obligations to prevent and remediate the effects of sexual harassment and sexual assault of students by teachers, at all relevant times hereto, Defendants, SCSD, Superintendent Lloyd, Principal Makelky, Coordinator Bell and John Smith's 1-5, failed to provide sufficient training or education to administrators, staff, and students regarding Title IX, sexual harassment and assault of student by teachers and retaliation for reporting the same.

75.     Upon information and belief, at all relevant times hereto, Defendants SCSD, Superintendent Lloyd, Principal Makelky, Coordinator Bell and John Smiths 1-5, failed to provide training or education to administrators, staff, students, and parents on protecting students from sexual harassment and violence, interviewing victims and potential witnesses of sexual harassment, investigating reports of sexual harassment, remediating sexual harassment and violence, and proper reporting of suspected sexual harassment or violence to SCSD employees, and prohibition on retaliating against those who report sexual harassment or sexual assault.

76.     Defendants' lack of training is evidence, inter alia, by: its employees and administrators failing to comply with SCSD's own written policies regarding the investigation and handling of sexual harassment of students; its employees and administrators lack of knowledge about Title IX; SCSD administrators improper and inadequate response to reports made regarding the conduct towards Plaintiff; failed to inform Plaintiff or her family about her Title IX rights and act appropriately regarding such rights; and failing to have or provide adequate, or any, information on students' Title IX rights.

77.     At all relevant times hereto, Defendant SCSD, LLOYD, MAKELKY, BELL and John Smiths 1-5, officially adopted sexual harassment policies, practices, and customs that were

inequitable and inadequate with respect to investigating and properly responding to reports of sexual harassment and sexual assault of students, and, in any event, upon information and belief, Defendants failed to provide adequate training or education on those policies to administrators, staff, students, and parents.

78.    Due to Defendants' failures, including Defendants' failure to adequately train their administrators, staff, students, and parents to know how to report and handle reports of sexual harassment, sexual assault, sexual conduct by teachers, perform investigations, and take reasonable remedial action to protect its students' Constitutional rights under Title IX and other federal and state law, include Plaintiffs', Plaintiffs suffered further improper conduct and damage.

79.    As set forth herein, Plaintiff has suffered great harm and damage and Defendants' actions and inactions have caused great stress, pain and suffering in Plaintiffs' family.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF – POST-REPORT DELIBERATE INDIFFERENCE IN VIOLATION OF TITLE IX, 20 U.S.C. § 1681, et. seq.

80.    The allegations contained in the foregoing paragraphs are incorporated herein by reference.

81.    SCSD created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX, because: Plaintiff Jane Doe was a member of a protected class and suffered harassment so severe as to deprive her of educational opportunities; SCSD had actual knowledge; SCSD was deliberately indifferent to the harassment.

82.    Plaintiff Jane Doe is a member of a federally protected class, namely female.

83.    The sexual conduct and sexual harassment by a SCSD teacher and employee was sufficiently severe to create a hostile educational environment at BPHS.

84.    The ongoing sexual harassment and retaliation were sufficiently severe to create a hostile educational environment at BPHS.

85.    Defendants Lloyd, Makelky, Bell and John Smith's 1-5 are each appropriate persons or officials of SCSD who, at a minimum, have authority to address alleged harassment, discrimination, and assault of students and institute corrective measures on SCSD's behalf.

86.    SCSD obtained actual knowledge when each Lloyd and Makelky learned that Plaintiff was being subjected to sexual conduct and sexual harassment by a SCSD teacher and employee.

87.    SCSD, acting through Lloyd and Makelky, was deliberately indifferent to acts of sexual harassment and sexual assaults of students when it failed to investigate the reports of ongoing sexual harassment and sexual conduct towards Plaintiff Jane Doe and engaged in retaliation towards Plaintiffs.

88.    SCSD was deliberately indifferent to acts of sexual harassment and sexual conduct on students when it failed to document any Title IX investigation or equivalent and failed to keep Plaintiffs apprised of its investigation.

89.    SCSD was deliberately indifferent to acts of sexual harassment and sexual contact on students by teachers when it failed to take immediate and effective remedial steps to resolve the reports regarding sexual contact and sexual harassment of Plaintiff Jane Doe by a SCSD employee and teacher.

90.    SCSD was deliberately indifferent to acts by teachers of sexual harassment and sexual conduct on students when it failed to appropriately discipline SCSD's teacher and

employee who they exercised control over, and otherwise failed to take steps to prevent further sexual harassment and sexual conduct on Plaintiff.

91.    SCSD was deliberately indifferent to acts of sexual harassment and sexual conduct by its teacher and employee of Plaintiff when its inaction foreseeably caused Plaintiff's harasser and attacker to become emboldened and increase his harassment, sexual conduct and its own retaliation towards Plaintiffs.

92.    SCSD was deliberately indifferent to acts of sexual harassment and sexual conduct by its teacher on a student when SCSD persisted in clearly unreasonable action and inaction in response to the ongoing sexual harassment, sexual abuse and retaliation Plaintiffs were suffering when it had actual knowledge that Plaintiffs were suffering as a result of the hostile educational environment.

93.    SCSD's failure to protect Plaintiff as described above was so severe, pervasive, and objectively offensive that it deprive Plaintiff of access to educational opportunities and/or benefits provided by SCSD.

94.    Additionally, SCSD, acting through Lloyd and Makelky, had actual knowledge of the harm and suffering it caused Plaintiffs by its institutional betrayal, including failure to investigate and adequately respond to the reports of its employee's sexual harassment and sexual conduct on a student, yet they still failed to take appropriate remedial action or steps to ensure that Plaintiffs would be safe at SCSD and/or BPHS.

95.    As a direct and proximate result of SCSD's conduct described herein, SCSD created and/or subjected Plaintiff to a hostile education environment that deprived her of access to educational opportunities at BPHS.

96.     As a direct and proximate result of SCSD's deliberate indifference to Plaintiff's rights to access to educational opportunities under Title IX, Plaintiff has suffered sexual harassment, sexual abuse, and retaliation and was made liable and vulnerable to ongoing sexual conduct and harassment by SCSD's teacher and administrator retaliation at BPHS.

97.     As a direct and proximate result of SCSD's deliberate indifference to Plaintiffs' rights to protection, access to educational opportunities under Title IX, Plaintiff has suffered sexual harassment and Plaintiffs have suffered retaliation and continue to sustain injuries for which they are entitled to be compensated, including but not limited to: a) past, present, and future physical and psychological pain, suffering and impairment; b) medical bills, counseling, and other costs and expenses for past and future medical and psychological care; c) a marred and reduced educational record, and impaired educational capacity and future earning capacity; d) attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; e) such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF – RETALIATION IN VIOLATION OF TITLE IX, 20 U.S.C. § 1681, et. seq.

98.     The allegations contained in the foregoing paragraphs are incorporated herein by this reference.

99.     Reporting sexual assault and harassment to school officials is a statutorily protected activity under Title IX.  Reporting incidents of sex discrimination and harassment is integral to Title IX enforcement.

100.    Because the sexual harassment and sexual abuse of Plaintiff Jane Doe by a SCSD teacher was reported to SCSD, Plaintiffs were subjected to ongoing retaliatory harassment by SCSD administrators, BPHS employees, and community members.

101.    SCSD teachers, administrators and certain community members were under the control and supervision of SCSD.

102.    SCSD, upon learning of this retaliatory harassment towards Plaintiffs, had an obligation to stop the harassment and mitigate its effects at BPHS.

103.    SCSD failed to stop the retaliatory harassment and failed to mitigate its effects at BPHS.

104.    SCSD's inaction and unreasonable action was materially adverse to Plaintiff in that it negatively impacted her educational record, deprived her of educational opportunities and benefits, and subjected her to a hostile educational environment.

105.    As a direct and proximate result of Defendant's retaliation, Plaintiffs sustained and continues to sustain injuries for which they are entitled to be compensated, including but not limited to: a) past, present, and future physical and psychological pain, suffering and impairment; b) medical bills, counseling, and other costs and expenses for past and future medical and psychological care; c) a marred and reduced educational record, and impaired educational capacity and future earning capacity; d) attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; e) such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF – DISPARATE TREATMENT & IMPACT, IN VIOLATION OF PLAINTIFF'S CONSTITUTIONAL AND FEDERAL RIGHTS, PURSUANT TO 42 U.S.C. § 1983

106.    The allegations contained in the foregoing paragraphs are incorporated herein by reference.

107.    Sexual harassment is a form of unlawful sex discrimination that can violate the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

108.     Plaintiff's Equal Protection rights were violated when she suffered sexual harassment and discrimination at BPHS and SCSD.

109.     Plaintiff also had federal civil rights secured by federal statute, Title IX of the Education Amendments of 1972, which provides in pertinent part: "[N]o person. . .shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

110.     Title IX was intended to benefit students like Plaintiff Jane Doe.

111.     Title IX provides students like Plaintiff clear civil rights, which are not amorphous or vague, to be free from known sex discrimination at school.

112.     Title IX imposes a binding mandatory obligation on federal funding recipients like SCSD, prohibiting it from discriminating against students on the basis of sex.

113.     The U.S. Supreme Court, in _Fitzgerald v. Barnstable Sch. Comm_., 555 U.S. 246, 255-58 (2009), stated, "we conclude that Title IX was not meant to be an exclusive mechanism for addressing gender discrimination in schools," and held a plaintiff may bring causes of action under both Title IX and § 1983 for unlawful sex discrimination.  Accordingly, a remedy for sex discrimination in schools is not foreclosed under § 1983.

114.     Title 42 U.S.C. § 1983 provides that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer

for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be

granted unless a declaratory decree was violated or declaratory relief was unavailable."

115.    At all times relevant hereto, Defendants SCSD, LLOYD, MAKELKY, BELL and

John Smiths 1 through 5, were policy makers and administrators having duties to create an

implement policies, and failed to properly or sufficiently train its administrators, staff, students,

and parents about: sex discrimination and sexual harassment against students; Title IX and/or

sexual harassment of students by SCSD teachers and employees; sexual abuse and misconduct

on students by SCSD teachers and employees; identifying, investigating, reporting, and

remedying the effects of sexual harassment by its teachers and employees against students like

Plaintiff; or properly responding to and remediating continued harassment and sexual abuse by

teachers of students such as Plaintiff Jane Doe after the improper conduct, sexual harassment,

and sexual abuse of Plaintiff Jane Doe was reported to SCSD.

116.    Defendants' systematic and purposeful creation of customs, policies, and

procedures resulted in the deprivation of the liberty and bodily integrity of its students, including

Plaintiff, and clearly violated the Fourteenth Amendment to the United States Constitution.

Specifically, Defendants deliberately adopted inadequate customs, procedures, and practices in

violation of Plaintiff's equal protection and substantive due process rights under color of State

Law.

117.    While SCSD9 maintains official policies regarding discrimination, sexual

harassment, sexual abuse of students by teachers, the reporting and prompt investigation of

discrimination and sexual harassment complaints, and disciplinary action, Defendants' informal

policies, patterns and/or practices of behavior constituted disparate treatment of victims of sexual

assault and harassment, to include Plaintiff Jane Doe.

118.    Defendants maintained a practice of being ambivalent to and/or ignoring reports of teacher sexual harassment and sexual abuse of students, including reports of the conduct being perpetrated on Plaintiff Jane Doe.

119.    Consistent with its practices, Defendants failed to investigate and take reasonable remedial action to reports that SCSD's employee and teacher was sexually harassing and abusing Plaintiff Jane Doe.

120.    Consistent with its practices, Defendants failed to investigate and take reasonable remedial action to reports that Plaintiff Jane Doe was being sexually harassed, assaulted and abused and retaliating against Plaintiffs because the improper conduct was reported to Defendants and to BPHS administration and staff.

121.    Defendants engaged in a policy, pattern and practice of behavior designed to discourage and dissuade female students and their families who have been sexually assaulted and harassed from seeking protection and help from SCSD.

122.    Defendant SCSD is required to participate in the United States Department of Education Office of Civil Rights ("OCR") surveys.  Upon information and belief, SCSD certified that it received no allegations of sexual harassment or teacher sexual misconduct.  Further, upon information and belief, SCSD certified that it had not received reports of students being sexually harassed or sexually abused by teachers.  Upon information and belief, SCSD's certification were inaccurate.

123.    The overall policy, patterns, practices, and actions of Defendants constituted disparate treatment of female students, female sexual abuse and harassment victims, had a disparate impact on female students, and amounts to behavior that shocks the conscience.

124.     As a direct and proximate result of Defendants' deliberate indifference to

Plaintiffs' equal protection and substantive due process rights under the Fourteenth Amendment

of the United States Constitution, Plaintiffs sustained and continue to sustained injuries for which

they are entitled to be compensated, including but not limited to: a) past, present, and future

physical and psychological pain, suffering and impairment; b) medical bills, counseling, and

other costs and expenses for past and future medical and psychological care; c) a marred and

reduced educational record, and impaired educational capacity and future earning capacity; d)

attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; e) such other and further relief as this

Court deems just and proper.

## FOURTH CLAIM FOR RELIEF:  FAILURE TO TRAIN, IN VIOLATION OF PLAINTIFFS' CONSTITUTIONAL AND FEDERAL RIGHTS, PURSUANT TO 42 U.S.C. § 1983

125.     Plaintiffs incorporate herein the allegations contained in the foregoing paragraphs

as if set forth fully herein.

126.     At all times relevant hereto, Defendants SCSD, Superintendent Lloyd, Principal

Makelky, Coordinator Bell, and John Smith's 1 through 5, were policy makers and

administrators having duties to train, and failed to properly train or sufficiently train its

administrators, staff, students, and parents about: sexual discrimination, sexual harassment

against students; Title IX and/or teacher on student sexual misconduct; identifying, investigating,

reporting and remedying the effects of sexual harassment by teachers on student like Plaintiff

Jane Doe; or properly responding to and remediating continued harassment and hostility by

teachers like the teacher that continued to harass Plaintiff after the sexual harassment and sexual

abuse of Plaintiff had been reported.

127.     Defendants SCSD, Superintendent Lloyd, Principal Makelky, Coordinator Bell

and John Smiths 1 through 5, failed to train their administrators, staff, students and parents

despite the plainly obvious need for training on, among other things, sexual abuse and harassment of students by SCSD teachers and identifying, investigating, reporting, stopping, and remediating the effects of sexual abuse and sexual harassment.

128.    Numerous authorities, including courts and U.S. Department of Education, made clear and gave notice to Defendants that school employees will confront sexual harassment of students and abuse with regularity, given the high predictability, recurrence and prevalence of teacher sexual harassment and abuse in schools.  Thus, it was foreseen and inevitable that Defendant SCSD's administrators and employees would encounter recurrent situations involving sexual abuse that implicated students' Constitutional and federal rights, and it did, in fact, encounter those ongoing situations.

129.    Defendants SCSD, LLOYD, MAKELKY, and BELL, failed to adequately train their administrators, staff, students and parents, and thereby prohibit or discourage foreseen conduct and retaliation, despite the clearly established and well-known dangers of sexual harassment, sexual abuse and the like faced by students in U.S. public schools, and thereby was deliberately indifferent.

130.    Defendants' failure to train its administrators, staff, students, and parents effectively denied Plaintiffs clearly established federal rights and Constitutional rights.

131.    Defendants SCSD, LLOYD, MAKELKY, BELL and John Smiths 1 through 5, failure to train administrators, staff, students, and parents was deliberate, reckless, and in callous indifference to Plaintiffs' federally protected rights.

132.    As a direct and proximate result of the Defendants' actions, inactions, and deliberate indifference to and violation of Plaintiffs' clearly established Constitutional and

federal rights, Plaintiffs suffered and continue to suffer, injuries including, without limitation, emotional distress, psychological trauma, and mortification.

133.     SCSD accepts hundreds of thousands of dollars of Federal educational funding each year and in turn promises to comply with corresponding Title IX obligation.  Yet, here, SCSD failed to meet its most basic obligations to assign an investigator to investigate the reports of the sexual abuse and sexual harassment of Plaintiff by SCSD's teacher/employee, and perform its required Title IX investigation.

134.     Even after learning that Plaintiff was being sexually harassed and abused by SCSD's employee/teacher, Defendants failed to take Title IX seriously and failed to promptly perform a thorough investigation into the reports of the sexual harassment and sexual abuse of Plaintiff by its teacher and employee and failed to remedy or address the same.

135.     As a direct and proximate result of Defendants' failure to train, and failure to act and inaction, Plaintiffs have sustained and continue to sustain injuries for which they are entitled to be compensated, including, but not limited to: but not limited to: a) past, present, and future physical and psychological pain, suffering and impairment; b) medical bills, counseling, and other costs and expenses for past and future medical and psychological care; c) a marred and reduced educational record, and impaired educational capacity and future earning capacity; d) attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; e) such other and further relief as this Court deems just and proper.

## PUNITIVIES DAMAGES

136.     In addition to compensatory damages, Plaintiffs hereby claim punitive damages against Defendants LLOYD, MAKELKY, and BELL in an amount to be proven at trial for the

willful and wanton acts and omissions of said Defendants, to include violation of Plaintiffs' civil rights as alleged herein under 42 U.S.C. § 1983.

137.    The acts and omissions of Defendants in this case were so gross and culpable in nature that they constitute reckless indifference and wanton disregard for the law and for the safety of SCSD, including Plaintiff.  Said Defendants committed the acts and omissions alleged herein and subjected Plaintiff to improper treatment that caused Plaintiff to suffer harm so severe that no child should be expected to endure it.

138.    Defendants' actions should be punished, and an example should be made so that these actions and omissions are not repeated.

139.    This reckless and callous indifference to Plaintiff's safety and her parents well-being and Constitutional rights should be punished through the imposition of punitive damages so as to make an example of conduct that will not be tolerated.

## **ATTORNEY FEES**

140.    As a result of Defendants' actions as alleged herein, Plaintiffs were required to retain the services of attorneys are entitled to a reasonable amount of attorney's fees and expert fees pursuant to 42 U.S.C. § 1988 for those violations covered by the Civil Rights Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray to this Court for judgment in favor of Plaintiffs and against Defendants, awarding Plaintiffs their compensatory damages in an amount to be established at trial, equitable relief amending Plaintiffs' educational and disciplinary record, reasonable attorneys' fees, and costs, legal interest and such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiffs, by and through their counsel, pursuant to Federal Rule of Civil Procedure 38, hereby request that this matter be tried to a jury of six.

RESPECTFULLY SUBMITTED this 26th day of May, 2021.

THE RICHARD LAW FIRM, P.C.

/s/Andrea L. Richard

Andrea L. Richard
Wyoming State Bar No. 5-2848
P.O. Box 1245
290 E. Broadway, Suite 904
Jackson, Wyoming 83001
Tel. 307.732.6680
Fax 307.200.4280
andrea@arichardlaw.com

*Attorney for Plaintiffs*